UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEBASTIAN WAHLHUETTER,

                Plaintiff,

- against –

COLLEGHUMOR.COM, LLC

                Defendant.

Case No. 19-cv-1501 (LGS) (BCM)

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, plaintiff Sebastian Wahlhuetter ("Plaintiff"), via counsel, respectfully submits his objections to the Report and Recommendation issued by the Honorable Magistrate Judge Barbara C. Moses on November 29, 2021 [Dkt. No. 36] (the "Report"). For good cause shown, Plaintiff respectfully submits that the Court should decline to adopt the Report's recommendation that this case be dismissed without prejudice for lack of personal jurisdiction.

      A corporation is subject to general jurisdiction only where it is "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S. Ct. 746, 751, 187 L. Ed. 2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)). The Second Circuit has held that "except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). General jurisdiction is plausible (and generally presumed) where a defendant maintains its headquarters. *See, e.g., Kumar v. Opera Sols. OPCO, LLC*, No. 1:20-CV-6824-GHW, 2021 WL 4442832, at *15 (S.D.N.Y. Sept. 28, 2021) ("So too would the company's headquarters in New Jersey render it subject to New Jersey's general jurisdiction");

1

*Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834 (S.D.N.Y. 2012) (general personal jurisdiction would likely be found in California because "the presence of Facebook's headquarters in Palo Alto suggests that Facebook has had "continuous and systematic general business contacts" in that state).

Here, Defendant CollegeHumor.com, LLC ("Defendant") is a limited liability company organized under the laws of State of Delaware which is actively registered with the New York Department of State, Division of Corporations to conduct business in the state of New York. [*See* Declaration of James H. Freeman, ¶ 2 Ex. A]  The operative complaint alleges that Defendant maintains an office in New York at 225 Park Avenue South, 17th Floor, New York, New York 10003. [Complaint, Dkt. No. 1, ¶ 6], but does not specify that such office qualifies as Defendant's principal place of business (or headquarters).  Accordingly, the complaint suffers from a pleading deficiency that can be rectified through the filing of an amended complaint.

On-line research indicates that Defendant maintains its headquarters in New York.  [*See* Declaration of James H. Freeman, ¶ 3] (attaching evidence from on-line databases zoominfo.com, owler.com, and craft.co).[1]  Plaintiff may therefore plead in good faith a plausible set of facts sufficient to establish general jurisdiction at this stage of the proceeding. Accordingly, Plaintiff respectfully requests that, in lieu of dismissal, the Court grant Plaintiff leave to file an amended pleading to add allegations regarding Defendant's principal place of business in New York.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ("Rule 15(a) requires courts to grant leave 'freely ... where justice so requires,…'") (citing Fed.R.Civ. P. 15(a))

---

[1] However, Defendant's Wikipedia page indicates that Defendant is headquartered in Los Angeles. https://en.wikipedia.org/wiki/CollegeHumor. [*See* Declaration of James H. Freeman, ¶ 4]

If Defendant seeks to contest the allegation that it is headquartered in New York, then it is incumbent on it to appear before the Court and make a demonstrable showing that it is headquartered in Los Angeles rather than New York. Failure to do so should result in default judgment entered against it based on the proposed allegation that Defendant maintains its headquarters in New York.

As demonstrated herein, dismissal of the complaint is not warranted because the operative complaint can be amended to cure the pleading deficiency regarding general jurisdiction. Moreover, the Report's recommendation to dismiss the complaint without prejudice would effectively terminate the action *with prejudice* because the case could not be re-filed as a result of the three-year statute of limitations prescribed by section 507(b) of the Copyright Act. 17 U.S.C. §507(b). [*See* Declaration of James H. Freeman, ¶ 5]

Finally, in the event the Court determines that an amendment would be futile because general jurisdiction cannot be established on the face of the pleading, then Plaintiff respectfully requests that venue be transferred to the Central District of California under 28 U.S.C. §1404(a). *See, e.g., Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." (*quoting Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006); *Micromem Techs.*, 2015 WL 8375190, at *7 & n.69 (citation omitted) (where a plaintiff "'request[s] that [an] action be transferred to another forum where [the] action otherwise could have been brought pursuant to 28 U.S.C. § 1406(a) instead of being dismissed' if the Court determines that venue is improper in this district," transfer would also be appropriate.")

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully submits that the Court should decline to

adopt the Report's recommendation that this case be dismissed without prejudice. In lieu of dismissal, the Court should grant Plaintiff leave to amend his pleading to add allegations concerning general jurisdiction or, if the Court determines that such proposed amendment would be futile, then enter an order transferring venue to the Central District of California.

    Respectfully submitted:

    /s/jameshfreeman/
    James H. Freeman
    LIEBOWITZ LAW FIRM PLLC
    1333A North Ave., Ste. 762
    New Rochelle, New York 10804
    (516) 233-1660
    jf@liebowitzlawfirm.com

    *Counsel for Plaintiff*