UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SEBASTIAN WAHLHUETTER,
                             Plaintiff,  :  19 Civ. 1501 (LGS)

        -against-  :  ORDER

COLLEGEHUMOR.COM, LLC,
                             Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by the Default Judgment Order dated May 29, 2019, Plaintiff was granted default judgment against Defendant CollegeHumor.com, LLC, and Plaintiff's request for damages and costs was referred to Magistrate Judge Barbara C. Moses for a post-default judgment inquest (Dkt. Nos. 24 & 25);

WHEREAS, on November 29, 2021, Judge Moses issued a Report and Recommendation (the "Report"), recommending that the default judgment against Defendant be vacated and that this action be dismissed, without prejudice, for lack of personal jurisdiction (Dkt. No. 36);

WHEREAS, Plaintiff filed an objection to the recommendation that the case be dismissed without prejudice while conceding the Complaint suffers from a pleading deficiency as to jurisdiction (Dkt. No. 37);

WHEREAS, Defendant was served with the Report on December 15, 2021 (Dkt. No. 40);

WHEREAS, the deadline for any objections was fourteen days from service of the Report;

WHEREAS, Defendant did not timely file an objection;

WHEREAS, in reviewing a Magistrate Judge's report and recommendation, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b); *see United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). To invoke de novo review of the magistrate judge's recommendations, a party's objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonough v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks omitted). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020) (internal quotation marks omitted);

WHEREAS, the Court finds no clear error on the face of the record as to the recommendation that the default judgment be vacated for lack of personal jurisdiction. No objection was filed to the recommendation to vacate the default judgment;

WHEREAS, the Court finds no clear error as to the recommendation that the case be dismissed without prejudice. Plaintiff does not argue that dismissal would be erroneous or object to any finding in support of dismissal, so the Report is reviewed for clear error. Plaintiff argues he should be granted leave to amend in lieu of dismissal to avoid any issue with the three-year statute of limitations governing his claims. Plaintiff provides no explanation for why the Court, a neutral arbiter, should pursue a particular procedural course of action to allow him to preserve his claim.[1] Instead, it is this Court's normal procedure when dismissing a complaint to permit a plaintiff to file a proposed amended complaint and motion for leave to amend where no prior amended complaint has been filed. Importantly, it is well within a Court's discretion to assure

---

[1] The Court takes no position on whether Plaintiff's deficient pleading tolled the statute of limitations.

2

itself that it has personal jurisdiction where a defendant fails to appear and defaults. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). It is also not unheard of for a Court to vacate a prior default judgment and dismiss claims sua sponte for lack of personal jurisdiction. *See Hood v. Ascent Med. Corp.*, No. 13 Civ. 628, 2016 WL 3453656 (S.D.N.Y. June 20, 2016) (vacating a prior default judgment and dismissing sua sponte for lack of personal jurisdiction), *aff'd*, 691 F. App'x 8 (2d Cir. 2017);

WHEREAS, there is no basis for transferring the case at this juncture. Plaintiff argues the case should be transferred if "the Court determines that an amendment would be futile." Plaintiff's objection to the Report is not a motion for leave to amend, and the Court declines to transform it into one. There is no ruling on the futility of amendment, so there is no reason to consider transferring the case. It is hereby

**ORDERED** that the Report is ADOPTED in full. The May 29, 2019, default judgment is VACATED, and Plaintiff's claims are DISMISSED without prejudice for lack of personal jurisdiction. If Plaintiff seeks leave to amend, Plaintiff shall file (1) a letter to the Court seeking leave to replead and explaining how the deficiencies are cured and (2) a proposed amended complaint marked to show changes from the current Complaint, no later than **January 14, 2022**.

Dated: January 3, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE